Okay We're going to go on to case number two and that case is 22-1239 Stephen Kailin v. The Village of Gurnee Good morning, Ms. Gilbert. Good morning. I'm Gigi Gilbert on behalf of the plaintiffs the Kailin's The Kailin's had a very different version of the facts leading up to the shooting death of their beloved pet timber back in July of 2019 Under the Kailin's version of the facts timber was a 50-pound German mix short-haired pointer and lab when defendant Greer rang the doorbell Timber walked slowly 30 to 40 feet to the front door to see who was there Timber was not growling or barking It was defendant Greer who threw up his hands and said oh shoot you have a dog And asked Kim to put the dog away Kim complied bent down and had her hand by timbers collar It was defendants behavior in suddenly turning and running through a flowerbed that caused Timber to follow the dog Timber only ran because defendant Greer ran. If defendant Greer would have stood his ground Kim would have had him by the collar the Kailin's all Testified that timber never jumped at Greer and attempt to bite him or nip at him Timber never actually touched Greer or growled at him Miss Gilbert Forgive me To what Video evidence. Do you think the court is referring on page 9 of the opinion when it says quote But the body-worn camera disputes their allegation of Timber's playfulness with Greer and that evidence governs here Okay, your honor. That's exactly why I think the district court Abused its discretion in finding that plaintiff's facts should be deemed admitted because the video evidence contradicted their version the The video evidence here was was vague at best I mean there was only one body-worn camera that of defendant Greer's Defendant Greer didn't even activate the body-worn camera in a timely manner before approaching the Greer's Residence he was disciplined for this. He received a written Reprimand for not activating and his failure to activate caused there to be no audio of the events Leading up to the shooting. It seems though that the video evidence miss Gilbert was The district court limited its ruling based on the video evidence simply to whether or not timber was playful not to the entire sequence of events I'm your honoree with that. No, I don't agree with that because Defendant Greer turns and ran through the flowerbed the the video camera Let me put in maybe my question Wasn't a good question. Do you? Agree that that's what the district court judge Use the video evidence for not do you agree that that's what it depicts But do agree that the district court limited its ruling based on the video just to the playfulness of timber Um, I don't agree with that I actually think that the district court used the video And abused its discretion and discredited all of the plaintiffs material facts that we included In the body of our response Which was the case management procedure that the district court wanted us to do we submit in violation of local rule? 56.1 what in the court's opinion Makes you come to that conclusion because it does seem that the language that judge Roper just pointed out Is the one place that the court specifically made a factual finding based on the video and I don't see it anywhere else What your honor? Respectfully, I don't think that the video shows that the dog wasn't playful the video is again. That's a separate question I'm trying to figure out what your argument is that she used the video evidence for and it seemed to me that it's just The playfulness that may not be an accurate conclusion from it But that's a separate question from did she used in are you arguing that the district court improperly used the video evidence? To make other determinations, and if so, what's your basis for that? Yes, we are arguing that the district court used Scott v. Harris and the body-worn camera video evidence in this case to Discount and discredit every single fact that the plaintiffs cited in the response brief We had all the facts there The Kalins said that timber was not barking or growling They said that it was Greer's behavior that caused the dog To to go outside and chase them because it was Greer's running suddenly But is the court relying on the video for that or on the defendants? statements of fact Well, I mean, I believe it was a combination and both combinations were an abuse of discretion So it was not one fact that we cited in our response To which was the way she the district court wanted it We put them right there in the response and there was not one of the material facts that we listed That the district court had in its opinion. She credited the defense with each and every fact she used the video We submit an abuse of discretion where the video had no audio was unclear because he was running Didn't show the shooting itself and didn't show the events Leading up to the deadly lethal use of force killing the dog in front of the family If we add into this whole mix the video footage of the neighbor Who disputed that timber was not trying to bite officer Greer? What What what would you say well, your honor, I believe that the statement of Janet McBury was Was hearsay that the the movement didn't attach Well the way it came in she they The way it came in they just put in the whole video. They said The neighbor saw this right We say we said I thought that that was hearsay and the problem with it was it wasn't under oath It wasn't a declaration Did the question did you raise a hearsay objection in the district court? to the neighbor's statement I Believed we did Okay, well do I find that Then if we didn't I would submit to you that this it was hearsay And there's two sides to every story the neighbor council You've got good arguments a waived of hearsay objection is not one of them and Let me ask you if I could to address Could that not have been a presence since impression Sure, that's possible, but there's two sides to every story and the problem here is the district court Credited just the defendant's side when they should have and summary judgment given every Inference to the plainest version of events so even if Janet comes in under present sense Or a hearsay exception, okay, I'll live with that. That's fine, but you have a Kim Steve and their daughter saying different things their daughter views it from the window and says that Timber her beloved pet was just being friendly. He wasn't doing anything wrong When Greer shot it the way summary judgment works That's nice that Janet has a different version and that might come in at trial or is it excited under it utterance? under a hearsay exception But here words summary judgment There's two sides and plaintiff's side in all reasonable inferences from their version of events Must be taken as true and here we have such you know We have two different sides of the facts leading up to the shooting lethal force a legal seizure of timber and Plaintiff's version must be credited and that's why it was a mistake Cailin's statements to officer man hearsay I'm sorry. I didn't hear the question. I'm wondering if Stephen Cailin's statements to officer man were they hearsay, you know where he said, you know You did the right thing a hundred percent, correct, whatever Sure, they're hearsay and they could come in as an omission of a party opponent And I am sure that if this matter gets to trial Defense Council will use every one of those video statements to impeach Steve Cailin's testimony at trial, but he didn't officer Greer say at the time. I didn't mean to I Thought I heard him say that on the on the tape on the video that he didn't mean to shoot I heard him say I shot your dog. I shot your dog Repeatedly and he admitted that he shot at the dog because everybody was confused. What exactly happened Gilbert? Could I could I focus you on? This issue of the district judge's standing order on summary judgment And footnote to the district court's opinion, which addresses that point First of all, do you see any Conflict between the judges standing order And either civil rule 56 or district court local rule fifty six point one Yes, your honor. I see a major conflict between the district courts standing order and local rule fifty six point one The district court in bold letters states that the parties a joint statement of Undisputed facts the parties may not file and the court will not consider separate statements of undisputed facts local rule fifty six point one a Two says the moving party shall serve and attach a statement of material facts Local rule fifty six point one b2 says the opposing party must serve and file a response to the statement of material facts and then such the courts Case management procedures says the non moving party must include material facts in its response to the motion for summary judgment that it contends are Undisputed in order to demonstrate that a genuine issue of material fact Exists that warrants denying the motion for summary judgment. It's a complete contrast I think it's your position is that you complied with the national rule fifty six and the district court the northern district fifty six point one, correct and You also if I remember correctly Submitted your response and objections to the defendants proposed statement But it's just that opposing counsel thought it was too late and then told the district court that you had not cooperated Exactly, your honor. Exactly She told me is it your position that it is compliance? With the standing order to submit your statement to the defendants counsel five hours Before the One business day before the joint statement would have been due Well, your honor. Okay, if the district court said that I was untimely that might have been a better argument But here the district court said I failed to hold I failed to participate at all That's what opposing counsel had told the court that I failed to file any substantive standing order have any time limits It has no time limits it says prior to filing a motion for summary judgment Okay, I have a procedure you can follow. So if It does have a procedure you could go in and file a joint motion If you can't agree on the proposed statement of facts in retrospect Knowing what I know now, I should have asked opposing counsel. We're getting down to the wire here They had completely ignored the procedure Completely not even trying to get a joint statement and their pleading was simply struck and they were allowed to replete it seems Almost as if the district court overlooked that Statement from the defendants that you had submitted that they had Misspoken in their brief when they said you didn't send something. It seemed like the court may have overlooked that I Because in the decision of the district court, it said that I failed to comply with the case management procedure Which is what they had represented in their original motion, but then clarified in the reply and it doesn't seem like the court Actually appreciated that right exactly the court looked at the initial opening Brief on summary judgment where opposing counsel misrepresented to the court in bold face Caption that I didn't file any response to the Joint statement that simply wasn't a true statement and then in the reply brief They try to backpedal and say oh we were mistaken You know she did but it wasn't timely that was completely ignored by the district court She found and held in a published opinion that I did not comply at all Which just wasn't the truth the record doesn't support that and I'm gonna reserve All right, mr. Kusawa Good morning, your honors Good morning, Michael Kujawa on behalf of the defendants a police village gurney and officer Delonte career We would ask that this court affirmed judge Ellis's grant of summary judgment in this case for a number of reasons first Judge Ellis's standing orders on summary judgment do not Conflict with either local district rules or mr.. Kujawa. I want to start with the question that I asked Miss Gilbert at the end you have it seems like conceded that your Representation in your motion for summary judgment that plaintiff's counsel had not complied Or had not made a substantive response Was not accurate do you agree with that? I do agree with that that was not accurate, okay? And then you tried to clarify that she was late. She sent it Way past when she should have in order to incorporate it, but what in the district courts opinion? Makes it clear that the court appreciated that because it seems to me from footnote 2 Which is kind of a standard footnote that the court uses when there isn't compliance with her Her standing order that she may not have appreciated that there was a separate statement of facts sent to you It was untimely which is a separate issue, but that there was a separate statement sent to you I don't know that I can point to a line in in the opinion that says that this is what I did front in judge Ellis's opinion, but I do think that the court pointed out multiple times in the opinion that She had reviewed the the record in the case and that she had considered the state the factual allegations or Statements of undisputed fact that plaintiff had put into there How can we tell which ones because if if that's the case I'm not sure how you could decide as a matter of law the issue here Assuming the court considered everything that miss Gilbert Put in her statement of facts and viewed that in the light most favorable to the plaintiff How could this be resolved at summary judgment? Because as judge Ellis said in her opinion any questions of fact that were raised by the facts alleged By the plaintiff in their brief are not fatal to the motion for summary judgment Really what it boiled down to was the distinction between what is seen on the video? Which utterly discredits the allegations of fact that I've looked at that Several times. I don't see that What's discredited? The idea that the dog was playful the idea that the dog did not chase officer Greer dog clearly followed Running it Greer ran the dog ran That much I'll concede is undisputed but everything else about Officer Greer's version is disputed by the plaintiffs and is not refuted by the video Well, I'm sorry it's not proven by the video Well, I think what that what judge Ellis was relying on was the fact that the statements the testimony given by the Kalins After the fact about what had taken place Was discredited by what is seen on the video? I know she said that yes. I've watched the video I don't see how you reach that conclusion And is it clear the court even said that because it seems like the court used the video for a very limited purpose I Think like one less. I think the court used the video for the playfulness, but I think the court also referenced multiple times The statements by the Kalins which are completely contradictory to what their testimony was later on the fact that officer Greer did Everything right that they would have done right didn't officer Greer though say he hadn't meant to shoot He expressed regret. Oh, I think he felt bad that he had had had to shoot the dog But I don't believe he I don't think officer Greer has ever said that he didn't Feel it was necessary to shoot the dog or that he had any other option available. Well, maybe I misheard on the video So, okay Okay So, so how does how does the district judge's standing order work when opposing counsel have different Priorities in their practice and can't agree on Timeliness there are no deadlines for this negotiation process, right? There are no there are no deadlines and say a scheduling order or anything like that But what it says is if you're not able to reach some sort of an agreement, you're supposed to bring a motion before the court Why didn't you do that? Well, we didn't have time. We didn't find out about and we gave We I will admit we we made a mistake when we filed the motion for summary judgment initially in this case And then you made another mistake when you said the plaintiff had not filed any attempts Did not serve any substantive response on right? Well, we should have put timely in that particular one, but we were dealing with two Competing motions for summary judgment with the same plaintiffs same plants attorney that had to be filed on the same day In the Kalin versus Metcalf and Gurney case. That's where the confusion came in the because there had been no substantive Statement or addition of facts by the plaintiff in the Metcalf case here She had plaintiffs counsel had sent us something but hadn't been time So do you think the district given the plaintiff did serve on you all a pretty? Detailed response to your proposed statement of undisputed facts Do you think the district court had discretion to disregard Plaintiff's version of the facts. I do think that district court had just discretion for violating what? Well, this wasn't the first violation of the course rules. No, but how was this a violation? How was this a violation? The court had given us the standing orders had told us to comply with the standing orders and you didn't and she didn't Well at two different times right so when we and in the response to one was Go and sin no more and the end of your case for the other one Well, that's because on prior occasions the court had repeatedly warned plaintiffs counsel to comply with district What are those problems been? What's that? What were those earlier problems? The earlier problems were failure to have Communication with counsel before filing motions to compel And I would point to docket number 68 in the Greer case from June 8th of 21 and docket number 55 in the Metcalf case also From June 8th of 2021 in which the court said we have repeatedly warned plaintiffs counsel about the necessity of complying with the court's standing orders and Warned that if this practice continues there are going to be sanctions or ramifications for continuing to do that when when we sent we our first Error was when we filed our motion for summary judgment with our statement of undisputed material facts without having tried to work it out with the plaintiff and And and the judge struck that and told us to go back and follow the procedures that was on July 12th It was three weeks later Despite numerous attempts by us to get plaintiffs counsel to what's good counsel What's what's the I don't know the ordinary practice in the northern district of Illinois. I gather there's no default Briefing schedule for summary judgment is there? Not that I'm aware of it's generally set by the court and we have So what's 15 day, but most courts set their own schedule The because I'm thinking your summary judgment motion in essence is says to the court Look at all the facts plaintiff can't prove her case, right? Yes, so puts all the evidence in the case at issue a response requires review and Digesting of all the evidence in the case, right? Yes a 15 days is a pretty short deadline for that. Mm-hmm And I wasn't aware of a 15-day deadline in this case. Okay, sorry or even three weeks Right if you've got if you've got other cases And if that's the case plaintiff should have said early on I'm going to need additional time I'm not going to be able to get this to you And let's do a let's go in on a motion and ask for more time or going in on our own and asking for a motion for additional time Quite frankly counsels waived all these arguments because she did not bring them in this case before Judge Ellis in the district court and you and you all Misled the judge and she seemed to overlook your correction, right? I Disagree with that. I Don't we did not intend to mislead or deceive the court Like I said, we were filing I didn't say you intended to but I don't believe the court was misled or deceived at all Stephen Kim and Taylor failed to participate in the drafting of a joint statement of undisputed facts That's for footnote to That that's that sounds like she was misled didn't didn't focus on your correction. I Disagree when we look at what how judge Ellis applied the facts that were presented to her if we didn't have the video here Do you agree? There would be an issue of fact if we if we just had your statement of facts and miss Gilbert statement of facts and no Video do you agree? There would have been a state an issue of fact on the underlying summary judgment Without video we would have had conflicting testimony on what took place out there But so yes, you you agree. There would have been an issue of fact I agree because in what and because what judge Ellis did was looked at the video and said that this video utterly discredits the After-the-fact testimony now, I need to I really need to ask you then to what part To what part of the body camera evidence? Do you think judge Ellis is referring when she said but the body worn camera? disputes their allegations of timbers playfulness with Greer and That evidence governs govern here Is it your contention? that officer careers camera Shows the dog acting aggressively Yes, I think what I think what what judge Ellis is focusing on in that particular section is the it's about 10 seconds between when the dog comes to the door and officer Greer turns and Is trying to do several things to mitigate the situation. He's trying to create distance He's yelling for them to get the dog He's he took out his taser But he did not have a clear opportunity to use the taser and then he did what any reasonable officer would do under similar Circumstances when being chased by a dog that he has no idea what its intention is and is nipping and lunging at him He shot the dog to protect himself from serious bodily harm And I can argue to a jury that any any reasonable officer would have done what he did. I Am I don't think we'll need to because I think this motion for summary judgment the finding by judge Ellis should be upheld Because I do believe that judge Ellis was did not abuse her discretion in Complying in enforcing her standing orders after they were violated by the plaintiff for multiple on multiple occasions You can't the video doesn't show the dog When the officer was running away the video you don't see the dog again until the dog is shot. So there's a Chunk of time where the officers running away, but there's no video to show if Timber was playful or Or aggressively chasing him. So how can you make a determination as a matter of law on that particular issue? I See the video and I see there are periods of time granted the video periods of time But it doesn't capture the entire time, but it doesn't capture the entire time. But I think when you look at the video as a whole Including the statements made by the Cailin's after the fact including the statements made by miss McGrilvie including the The the entirety of the situation it is it does discredit what the Cailin's tried to portray happened After the fact in their depositions and that's why I think Judge Ellis was correct in relying upon the video in Applying Scott v. Harris to this case and in finding that what officer Greer did was objectively reasonable under the circumstances Mr. Kujawa I'm interested in your approach to the neighbors account here What's it seems to me that any hearsay objection has been waived at least for purposes of summary judgment but Is it your view? that witnesses Opinion about whether a police officer's use of force was reasonable or not is admissible and a sufficient basis for deciding either granting or denying summary judgment Well, I Would break it down into two answers one. I don't know that what miss McGrilvie was was opining on But when she made her statement was whether or not the officers use of force was reasonable under the circumstances I think what judge Ellis was relying upon and what miss McGrovey was saying was that dog was gonna bite him That dog was nipping and lunging at him. That was not a playful dog. That was a dog That was a danger to officer Greer. That's exactly how officer Greer perceived it. And I I do agree that the hearsay any Objection regarding hearsay was waived. But even if it did what wasn't waived? I do think it is a present-sense impression from this 20 minutes later, right? But I think there is case law out there which talks about the fact that you can still have a present such sense impression even With a given some time if you don't have an opportunity to go and try and prepare your answer or or or change Well, it would be a best debatable What's that? It would be a best debatable. I it certainly would be debatable present-sense impression or but Do you think well, let me let's suppose the She Had said he'd had no choice but to shoot the dog Do you think that would be? Admissible and do you think if she had said I can't understand why he shot the dog would that also be admissible? I think they both would be admissible Well, do you think police other police forces want? Summary judgment to be denied on the basis of Eyewitnesses saying that the officers were using excessive force We see a lot of excessive force cases and Witnesses are often upset by what they see that may be perfectly legitimate under the circumstances Should we didn't reverse those summary judgments based on the eyewitness opinions? I don't think you should reverse those summary judgment opinions based on those eyewitnesses I do think that what miss McGrovey had to say here regarding her observations of the dog Not necessarily what officer Greer did but what the dog did are relevant and admissible and Jim We know anything at all about the relationship between Janet McGilvory and the Cairns. Do we know anything about that? In other words? Do they are they friends do they like it do we know anything? We do not other than their neighbors Okay Judge Saini if you wanted to ask I'm fine. Thank you, Judge Roper. Thank you Thank you for time. We'd ask that the ruling of the district court be affirmed. Thank you. Thank you. All right, Miss Gilbert Janet's testimony Wait a minute All right, go ahead Janet's testimony simply goes to the weight of the evidence the opinion testimony Even if it somehow I mean we would submit to you It's an expert opinion testimony and should not be admissible Even if it's not hearsay, but that simply goes to the weight of the evidence and I'm summary judgment here That the court cannot credit her testimony versus the three plaintiffs in other words The error that was committed and summary judgment was the court gave all this credence to Janet's Testimony when the court did not view the evidence in the light most favorable to the plaintiffs The plane is now what about? What about? Again, mr. Cowan's state What about that, how do you want us to view it those Well, he certainly it could be if you couldn't be impeached at trial with the prior Admission of a party opponent that at the time he said that It was the right thing that's an impeachment that in the inference in the light most favorable to the plaintiffs every Reasonable inference has to be given to the plaintiffs and sure the defense could come back in and impeach them But he said the dog ran because Greer ran the dog walked to the front door The dog was friendly had no history of aggression They had it was a mellow dog He said that on the video right after the shooting So he says a different thing right after the shooting that the dogs a mellow dog He's very surprised. The dog has no history of aggression Certainly, could he be impeached at trial? Yes Judge the way this the the district court relied on Scott B. Harris was just an abuse of discretion Scott B. Harris is a pragmatic exception on an interlocutory appeal for a denial of a Qualified immunity the court in Gantt held that that it was a primary Exception and does not it's a narrow exception It shouldn't be applied in all cases and it shouldn't be applied here in this case because that video does not utterly discredit the plaintiffs version of events The video it doesn't show anything. It doesn't show the playfulness versus the not playfulness. It doesn't show if the dog ran because Greer ran as the plaintiffs alleged or Just was going to chase whether Greer ran or not as the defendants alleged These are questions of fact, which is exactly the reason why the court erred in Summary judgment in this case because there was two different sides of facts the plaintiffs contend Timber never jumped in an attempt to bite or nip at Greer Greer even said he failed to mention anything about nipping lunging growling or any of the above When he talked to Kim immediately after he shot the dog He said I shot your dog the dog chased me plaintiffs All three of them submitted that the dog only Went or chased Greer because he ran first if he would have tried Alternative methods such as standing his ground Yelling at the dog even arcing his taser using his baton using His OC spray we would not have had a dead dog here today additionally He didn't he He shot first in an internal investigation After the fact he admitted he shot first because he didn't want to and rather than use alternative methods He said that I didn't try alternative methods I went right to shooting the dog because he was saying I didn't want to be injured and off of work That was his rationale when he originally Spoke to man. So judge the only Your honors the only Solution in this case is to reverse the grant of summary judgment because there are certainly material disputed issues of fact the three Kalins versus defendant Greer and their alleged Witness Janet her testimony was never tested. It's questionable She could even see through the trees and the high flowers where he ran Your honor, thank you for your time on behalf of the Kalins and I ask that you reverse summary judgment Well Thank you to both Attorneys and the case will be under advisement. We are now going to take a 10-minute break